David L. Mortensen (8242)
dmortensen@foley.com
Brandon T. Christensen (16420)
bchristensen@foley.com
FOLEY & LARDNER LLP
95 State Street, Suite 2500
Salt Lake City, UT 84111
Telephone: 801.401.8900

*Attorneys for Shawn Cox, Glade Cox, and The Robert A. Cox 2021 Gift Trust*

**IF YOU DO NOT RESPOND TO THIS DOCUMENT WITHIN APPLICABLE TIME LIMITS, JUDGMENT COULD BE ENTERED AGAINST YOU AS REQUESTED.**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| SHAWN COX, in his individual capacity and as trustee for THE ROBERT A. COX 2021 GIFT TRUST, a Utah trust; GLADE COX, in his individual capacity and as trustee for THE ROBERT A. COX 2021 GIFT TRUST, a Utah trust; JORDAN COX, in his capacity as trustee for THE ROBERT A. COX 2021 GIFT TRUST, a Utah trust,<br><br>Plaintiffs,<br><br>v.<br><br>MANHATTAN FLATS, LLC, a Delaware limited liability company; JEFFREY D. CLARK, an individual,<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No. 2:24-cv-00846-RJS<br><br>The Honorable Judge Robert J. Shelby |

Plaintiffs Shawn Cox ("Shawn") in his individual capacity and as trustee for the Robert A. Cox 2021 Gift Trust (the "Trust"), Glade Cox ("Glade") in his individual capacity and as trustee for the Trust, and Jordan Cox ("Jordan") in his capacity as trustee for the Trust

(collectively, the "Cox Parties"), by and through their counsel, hereby complain and allege against defendants Manhattan Flats, LLC ("Manhattan Flats") and Jeffrey D. Clark ("Clark") (collectively, "Defendants") as follows:

## INTRODUCTION AND NATURE OF CLAIMS

1. This case arises from Defendants' solicitation of investments in an alleged Nevada gold mine in violation of federal and state securities laws. After the Cox Parties invested, Defendants acknowledged that the investments violated applicable securities laws and, accordingly, offered to rescind the investments. The Cox Parties accepted that offer, thereby forming the "Rescission Agreement." But Defendants subsequently refused to honor the bargain and breached the Rescission Agreement.

2. As set forth in greater detail below, Manhattan Flats purportedly owns units in Manhattan Gulch Partners, LLC ("Manhattan Partners"), which purportedly owns units in Manhattan Gulch, LLC (the "Mine"), which purportedly owns gold mines and mining claims in Nevada.

3. In 2022, Manhattan Flats began soliciting investments from the Cox Parties to, among other things, allow Manhattan Partners to buy out the other members of the Mine.

4. In June 2022, relying on representations made by Manhattan Flats and its Chief Financial Officer, Jeffrey D. Clark ("Clark"), the Cox Parties invested $2,250,000 in Manhattan Flats. Consistent with that investment and based on the representations made by Manhattan Flats and Clark, the Cox Parties signed a joinder to the Limited Liability Company Agreement of Manhattan Flats, LLC (the "LLC Agreement"), and each became a member of Manhattan Flats.

5. That transaction, however, did not comply with federal and state securities laws. Indeed, Manhattan Flats and Clark later admitted: "We have not put together and offered the information necessary/required for a Securities Offering," and "allowing [the Cox Parties] to come directly into equity without an equity offering with appropriate disclosures is simply something we cannot (and should not) do."

6. To correct this unlawful activity, in July 2023, Manhattan Flats and Clark pressured the Cox Parties to either sign new investment papers or accept a rescission offer, whereby Defendants would return the Cox Parties' investment, plus interest. The Cox Parties accepted the rescission offer by email, stating: "[we] accept your recission offer from your August 5th email to return our capital with interest."

7. Manhattan Flats and Clark confirmed that acceptance and agreed to return the Cox Parties' investment, plus interest, stating: "That's too bad but we'll honor your wishes."

8. A month later, however, Manhattan Flats and Clark suddenly reversed course and attempted to repudiate their rescission offer and the Rescission Agreement. Worse, in contradiction to their prior admissions that the original investment was unlawful, Manhattan Flats and Clark abruptly began insisting that the original investment was valid and refused to honor the Rescission Agreement.

9. To be clear, Manhattan Flats and Clark offered and agreed to return the Cox Parties' investment, plus interest, the Cox Parties accepted that offer, and Manhattan Flats and Clark confirmed that agreement. Thus, the parties formed the Rescission Agreement, which is a binding agreement. Manhattan Flats and Clark should therefore be required to return the Cox Parties' $2,250,000 investment, plus interest at the statutory rate of 12% per annum.

10. Alternatively, Manhattan Flats and Clark violated federal and state securities laws, defrauded the Cox Parties, and otherwise acted unlawfully. The Cox Parties should therefore be awarded (a) the return of $2,250,000, plus interest, and their attorneys' fees and costs; (b) treble damages; (c) punitive damages; and (d) other penalties and remedies provided for by law.

## PARTIES, JURISDICTION, AND VENUE

11. Shawn Cox is an individual and resident of Utah. Shawn Cox is one of three trustees of The Robert A. Cox 2021 Gift Trust, which is a legally authorized and created trust domiciled in Utah.

12. Glade Cox is an individual and resident of Arizona. Glade Cox is one of three trustees of The Robert A. Cox 2021 Gift Trust, which is a legally authorized and created trust domiciled in Utah.

13. Jordan Cox is an individual and resident of California. Jordan Cox is one of three trustees of The Robert A. Cox 2021 Gift Trust, which is a legally authorized and created trust domiciled in Utah.

14. Manhattan Flats, LLC is a Delaware limited liability company, and, on information and belief, has its principal place of business in Nevada.

15. Jeffrey D. Clark is an individual and resident of Utah. As set forth below, Clark participated in the unlawful and tortious conduct alleged herein. Accordingly, he should be held personally liable for his actions and the claims asserted herein.

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331(a) because Defendants' conduct violates at least Section 12 of the Federal Securities Act

(15 U.S.C. § 77l *et seq*.). *See also* 15 U.S.C. § 77v(a). The Court has supplemental jurisdiction over the Cox Parties' state law claims pursuant to 28 U.S.C. § 1367. The state law claims are integrally related to the Cox Parties' federal claim and arise from a common nucleus of operative facts.

17. This Court has personal jurisdiction over Clark because he is domiciled in Utah.

18. This Court has personal jurisdiction over all Defendants pursuant to Utah Code § 78B-3-205 because Defendants have transacted business, contracted to supply services or goods, and/or caused injury within Utah. This dispute arises from Defendants' contacts with this Judicial District, and Defendants have purposefully availed themselves of the Utah forum such that they could reasonably anticipate being called to defend themselves in courts within this state. Thus, requiring Defendants to litigate this case in this Court does not offend traditional notions of fair play and substantial justice and is permitted by the Due Process Clause of the United States Constitution.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims in this Complaint occurred in this District.

## GENERAL ALLEGATIONS

**The Cox Parties Invest in Manhattan Flats**

20. Manhattan Flats purportedly owns units in Manhattan Partners, which owns the Mine and acts as a managing member of the Mine.

21. In June 2022, Manhattan Flats and Clark represented in conversations and written communications with the Cox Parties that Manhattan Flats could legally solicit the Cox Parties' investment in exchange for ownership in Manhattan Flats and that their investment

would comply with all applicable laws. Manhattan Flats and Clark further represented that Manhattan Flats and the Mine were legitimate businesses and that they would generate profit for the Cox Parties from mining activities based on the efforts of Clark and others.

22.     Relying on these and other representations made by Manhattan Flats and Clark, the Cox Parties invested $2,250,000 in Manhattan Flats. And, thereafter, based on instructions given by Manhattan Flats and Clark, the Cox Parties signed a joinder to the LLC Agreement and became members of Manhattan Flats. A cap table for Manhattan Flats at that time is provided below:

**Manhattan Flats, LLC**
**Schedule of Contributions**
**As of June 30, 2022**

|  | Date | Cash/Value | Shares | Manhattan Gulch Partners LLC Price | Value |
|---|---|---|---|---|---|
| Paul Dias - Seacus | 1/1/2020 | - | 25,510 | 19.60 | $ 500,000 |
| C2 Investments | 1/1/2020 | - | 25,510 | 19.60 | 500,000 |
| LLC Member #21 | 1/1/2020 | - | 19,133 | 19.60 | 375,000 |
| LLC Member #3 | 6/1/2020 | - | 1,915 | 26.11 | 50,000 |
| LLC Member #32 | 5/20/2021 | $1,500,000 | 38,307 | 39.16 | 1,500,000 |
| LLC Member #33 | 6/24/2022 | 1,250,000 | 19,154 | 65.26 | 1,250,000 |
| LLC Member #34 | 6/24/2022 | 500,000 | 7,661 | 65.26 | 500,000 |
| LLC Member #35 | 6/24/2022 | 500,000 | 7,661 | 65.26 | 500,000 |
| Totals |  | $3,750,000 | 144,852 |  | $ 5,175,000 |

Current Pricing: Total Valuation / Shares Outstanding = $250,000,000/3,830,707 = $65.26

In this cap table, the Trust is LLC Member #33, Shawn is LLC Member #34, and Glade is LLC Member #35.

23.     Later, however, Manhattan Flats and Clark acknowledged that their prior representations were false. Specifically, they admitted that their solicitation of the Cox Parties' investment had violated securities laws. As Clark put it, "[w]e have not put together and offered the information necessary/required for a Securities Offering." To correct their unlawful activity, Manhattan Flats and Clark told the Cox Parties that they need to either sign new investment papers or accept a rescission offer:

> On Mon, Aug 5, 2024 at 2:36 PM Jeff Clark <jeff@praesideo.com> wrote:
>
> Shawn,

> I am sorry this investment experience has been so "messy". The "original sin" is on me when I failed to pull you in through the Convertible Note by incorrectly providing the LLC Agreement for execution. But here's the problem. We have only offered access vis a vie a Convertible Note in Manhattan Flats, LLC. We have not put together and offered the information necessary/required for a Securities Offering. We will provide these disclosures at the point of Conversion. So for now the only access is through the Convertible Note being offered. So, we are faced with the following two options:
>
> 1. We can rescind the investment under securities laws;
>    a. This will return your capital, plus
>    b. A nominal, table rate required, interest rate. Or,
> 2. You can come in vis a vie the Convertible Note at the $250mm valuation by executing the documents we provided, including the edits granted to your attorney some time ago.

24.     In that same email, Clark again acknowledged that he and Manhattan Flats had violated securities laws by allowing the Cox Parties to "come directly into equity without an equity offering with appropriate disclosures." Specifically, he stated:

> Shawn, I'm sorry we're at this point. I know given your background you can understand allowing you to come directly into equity without an equity offering with appropriate disclosures is simply something we cannot (and should not) do. Hence the rescission requirement (which by the way our legal counsel is pushing for). I've helped him see that you are all "friendlies" and willing to "re-paper" this to its correct, original form.

25. Two days later, the Cox Parties sent an email, accepting Manhattan Flats and Clark's rescission offer:

> On Wed, Aug 7, 2024 at 6:42 PM Shawn Cox <shawnecox@gmail.com> wrote:
>
> Thanks Jeff.
>
> Adding Jordan (representing the trust) and Glade to this thread. We appreciate the explanation, and we understand at least on some level why you are left with the two options you proposed.
>
> We have discussed it with everyone in our family, and we (the family trust, Glade, and I) have all decided that we will take your first option to have you return the capital plus interest (I would assume 8% based on the phone calls and draft convertible notes you've provided). Please let us know if the payment transfers cannot be made within 30 days because time is of the essence.
>
> We are grateful for your friendship and appreciate that you considered us to be part of this deal, and we genuinely hope that it continues to be an amazing investment for you and your partners.

26. A few weeks later, and after some additional conversations with Manhattan Flats and Clark, the Cox Parties confirmed their acceptance of the rescission offer:

8

4870-1679-7421.1

> From: Shawn Cox <shawnecox@gmail.com>
> Sent: Wednesday, August 28, 2024 7:28 PM
> To: Jeff Clark <jeff@praesideo.com>
> Cc: Jordan Cox <hackerj23@gmail.com>; Glade Cox <gladecox@gmail.com>
> Subject: Re: Goldmine Documents
>
> Hi Jeff,
>
> Following up on our email from August 7th, we wanted to thank you for the valuable conversations we had with you that helped clarify some things for us. After discussing with our family again, we (the trust, Glade, and I) decided that we need to stick with our original decision to accept your rescission offer from your August 5th email to return our capital with interest. Accordingly, please return, within 30 days from today, our original capital plus 8% annual interest calculated from June 30, 2022. Let us know how we can make this process as smooth as possible.
>
> Again, thank you for considering us to be part of this deal, and we really hope that it turns out to be an amazing investment for you.

27. In response, Manhattan Flats and Clark acknowledged and affirmed the Cox Parties' acceptance and agreed to return the Cox Parties' investment, plus interest, thereby forming the Rescission Agreement:

> On Thu, Aug 29, 2024 at 12:47 PM Jeff Clark <jeff@praesideo.com> wrote:
>
> Shawn, Glade, and Jordan;
>
> That's too bad but we'll honor your wishes. I'll work with legal to create some release docs and Paul to determine a timeline for funding and get back to you as soon as possible.
>
> Kind regards,
>
> Jeff

28. A month later, however, Manhattan Flats and Clark suddenly reversed course and attempted to repudiate the Rescission Agreement. Indeed, in direct contradiction to their prior admissions that the original investment violated applicable securities laws, Manhattan Flats

9

and Clark abruptly claimed that the original investment was valid and refused to honor the

Rescission Agreement:

> From: Jeff Clark <jeff@praesideo.com>
> Date: Thu, Sep 26, 2024 at 8:04 AM
> Subject: RE: Goldmine Documents
> To: Jordan Cox <hackerj23@gmail.com>
> Cc: Shawn Cox <shawnecox@gmail.com>, Glade Cox <gladecox@gmail.com>
>
> Gentlemen,

> In a brief conversation with legal, counsel let me know that the path to execute the Convertible Note docs was a failed attempt to re-characterize what was already done – your purchase of an interest in Manhattan Flats, LLC which holds or has claim on Common Membership Units of Manhattan Gulch LLC. The original transaction, without the execution of the Convertible Notes re-characterization, stands as it was and has existed from the beginning in June, 2022. You are demanding rescission but legal fails to see the reason it should be offered. I simply sought to re-cast the transaction but to no avail. Hence, counsel has directed me that the original transaction stands, as is/was.

29. Since then, Manhattan Flats and Clark have breached and continue to breach the Rescission Agreement by failing and refusing to return the Cox Parties' investment.

30. As a direct and proximate result of Defendants' actions, the Cox Parties have been damaged in the amount to be determined at trial but not less than $2,250,000, plus interest.

**FIRST CAUSE OF ACTION**
**(Breach of Contract Against Manhattan Flats, LLC)**

31. The Cox Parties re-allege and incorporate by reference each of the allegations set forth above as though fully set forth herein.

32. The Cox Parties and Manhattan Flats entered into the Rescission Agreement, which is a binding and enforceable contract. Specifically, to address their prior violations of state

and federal securities laws, Manhattan Flats agreed to return the Cox Parties' investment of $2,250,000, plus interest.

33. The Cox Parties performed their obligations under the Rescission Agreement.

34. Manhattan Flats breached the Rescission Agreement by, among other things, failing and refusing to return the Cox Parties' investment, plus interest.

35. As a direct and proximate result of the foregoing material breaches of the Rescission Agreement, the Cox Parties have suffered direct and consequential damages in an amount to be determined at trial, but in any event, not less than $2,250,000, plus interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**
**(Violation of the Utah Uniform Securities Act against Defendants)**

36. The Cox Parties reallege and incorporate by reference each of the allegations set forth above, as though fully set forth herein.

37. Under Utah law, "[i]t is unlawful for any person, in connection with the offer, sale, or purchase of any security, directly or indirectly to: (2) make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading." Utah Code Ann. § 61-1-1(2).

38. Additionally, "[i]t is unlawful for any person to offer or sell any security in [Utah] unless it is registered under this chapter, the security or transaction is exempted under Section 61-1-14, or the security is a federal covered security for which a notice filing has been made pursuant to the provisions of Section 61-1-15.5." Utah Code Ann. § 61-1-7.

39. As explained above and by their own admission, Defendants sold a security to the Cox Parties without offering the appropriate disclosures or providing the necessary information.

40. Moreover, the Cox Parties were induced to and made their investment in a common enterprise (Manhattan Flats) based on Manhattan Flats and Clark's representations that the Cox Parties would receive profits solely from the efforts of Manhattan Flats and its managers, including Clark.

41. The Cox Parties relied on the honesty and skill of Clark and Manhattan Flats' other controlling members and managers to profitably manage Manhattan Flats.

42. As set forth above and by asking the Cox Parties to invest directly into Manhattan Flats, Defendants made untrue statements of material fact in connection with the offer, sale, or purchase of a security. By failing to provide the necessary disclosures, Defendants further failed to disclose all of the material facts necessary to make Defendants' statements regarding the investment not misleading.

43. Importantly, Defendants are not and were not properly registered to sell securities to the Cox Parties, the securities or transactions were not exempted, and the securities were not federal covered securities for which a notice filing had been made.

44. Pursuant to Utah Code § 61-1-22(1)(b), the Cox Parties are entitled to "sue either at law or in equity to recover the consideration paid for the security"—$2,250,000—"together with interest at 12% per year from the date of payment, costs, and reasonable attorney fees…upon the tender of the security[.]"

45. If the Rescission Agreement is invalid, void, or unenforceable, the Cox Parties hereby tender their security in Manhattan Flats to Defendants. Utah Code Ann. § 61-1-22(5) ("A tender specified in this section may be made at any time before entry of judgment.").

46. The Cox Parties are entitled to an "award [of] an amount equal to three times the consideration paid for the security, together with interest, costs, and attorney fees" because Defendants' violations of the Utah Uniform Securities Act were reckless or intentional, or such violations were negligent and the Defendants exercised undue influence over the Cox Parties. Utah Code Ann. § 61-1-22(2)(a), (b).

47. In addition, the Cox Parties are entitled to punitive damages because Defendants' conduct was willful, intentionally fraudulent, and/or manifested a knowing and reckless indifference and disregard of the Cox Parties' rights.

48. Clark "directly or indirectly controls" Manhattan Flats and is a "partner, officer, or director" of Manhattan Flats. Thus, he is "liable jointly and severally with and to the same extent as" Manhattan Flats. Utah Code Ann. § 61-1-22(4)(a).

## THIRD CAUSE OF ACTION
### (Violation of the Federal Securities Act against Defendants)

49. The Cox Parties re-allege and incorporate by reference each of the allegations set forth above, as though fully set forth herein.

50. Under Federal law, "[a]ny person who—(1) offers or sells a security in violation of section 77e of this title, or (2) offers or sells a security…which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading…shall be liable…to the person purchasing such security from him, who may sue either at law or in equity in any court of

competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security." 15 U.S.C. § 77l(a).

51. "Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly," to sell a security in interstate commerce. 15 U.S.C. § 77e(a).

52. As explained above and by their own admission, Defendants sold a security to the Cox Parties without offering the appropriate disclosures or providing the necessary information.

53. Moreover, the Cox Parties were induced to and made their investment in a common enterprise (Manhattan Flats) based on Manhattan Flats and Clark's representations that the Cox Parties would receive profits solely from the efforts of Manhattan Flats and its managers, including Clark.

54. The Cox Parties relied on the honesty and skill of Clark and Manhattan Flats' other controlling members and managers to profitably manage Manhattan Flats.

55. As set forth above and by asking the Cox Parties to invest directly into Manhattan Flats, Defendants made untrue statements of material fact in connection with the offer, sale, or purchase of a security. By failing to provide the necessary disclosures, Defendants further failed to state material facts necessary to make Defendants' statements regarding the investment not misleading.

56. On information and belief, Defendants are not and were not properly registered to sell securities to the Cox Parties, the securities or transactions were not exempted, and the securities were not federal covered securities for which a notice filing had been made.

57.     To the extent the Rescission Agreement is invalid, void, or unenforceable, the Cox Parties hereby tender their security in Manhattan Flats to Defendants.

58.     As a direct and proximate result of Defendants' breaches of the Federal Securities Act, including, but not limited to, the sections cited above, the Cox Parties have suffered direct and consequential damages in an amount to be determined at trial, but in any event, not less than $2,250,000, plus interest, costs, and attorney fees.

59.     In addition, the Cox Parties are entitled to punitive damages because Defendants' conduct was willful, intentionally fraudulent, and/or manifested a knowing and reckless indifference and disregard of the Cox Parties' rights.

60.     Clark "controls" Manhattan Flats. Thus, he is "liable jointly and severally with and to the same extent as" Manhattan Flats. 15 U.S.C. § 77o.

## PRAYER FOR RELIEF

**WHEREFORE,** the Cox Parties pray for judgment in favor of the Cox Parties and against Defendants as follows:

1. For direct, nominal, compensatory, incidental, consequential, and other damages in an amount to be proved at trial, but not less than $2,250,000;
2. For treble damages;
3. For punitive damages in an amount to be determined at trial;
4. For costs and reasonable attorneys' fees to the fullest extent allowed by applicable law;
5. For pre and post judgment interest; and
6. For further relief as this Court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

The Cox Parties demand a jury trial of all issues in this action triable as of right by a jury.

DATED: November 12, 2024.

FOLEY & LARDNER LLP

*/s/ David L. Mortensen*
David L. Mortensen
Brandon T. Christensen

*Attorneys for the Cox Parties*